23-1191-cv
Novel Energy Sols., LLC v. Pine Gate Renewables, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-four.

PRESENT:  JOSÉ A. CABRANES,
              RICHARD C. WESLEY,
              RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

-----------------------------------------------------------------

NOVEL ENERGY SOLUTIONS,
LLC,

                   *Plaintiff-Appellant*,

          v.                                        No. 23-1191-cv

PINE GATE RENEWABLES, LLC,
GREEN STREET POWER
PARTNERS, GSPP HOLDCO, LLC,
GSPP CAPITAL, LLC,

                   *Defendants-Appellees*.

-----------------------------------------------------------------

FOR APPELLANT:

STEPHEN J. RICCARDULLI, Holland & Knight LLP, New York, NY

FOR APPELLEE PINE GATE RENEWABLES, LLC:

JEFFREY R. WHITLEY, Fox Rothschild LLP, Raleigh, NC

FOR APPELLEES GREEN STREET POWER PARTNERS, GSPP HOLDCO, LLC, GSPP CAPITAL, LLC:

NOAM BESDIN, Stein Adler Dabah Zelkowitz LLP, New York, NY (Aron J. Frakes, Fredrikson & Byron, P.A., Minneapolis, MN, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and the matter is REMANDED with instructions to dismiss the amended complaint without prejudice.

Plaintiff Novel Energy Solutions, LLC appeals from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) dismissing, with prejudice, its breach of contract claim against Defendant Pine Gate Renewables, LLC and its unjust enrichment claim against Defendants Green Street Power Partners, GSPP Holdco LLC, and GSPP Capital, LLC (together, "Green Street"). We assume the parties' familiarity with the underlying facts

2

and the record of prior proceedings, to which we refer only as necessary to explain our decision.

After Pine Gate and Green Street moved to dismiss Novel's operative complaint for failure to state a claim, the District Court concluded, *sua sponte* and without warning the parties, that Novel's allegations failed to establish diversity jurisdiction, which is the only basis for subject-matter jurisdiction in this case. The District Court dismissed the case with prejudice. Novel did not request leave to amend, and the District Court independently concluded that amendment would be futile because Novel could not under any circumstances state a breach of contract or an unjust enrichment claim.

On *de novo* review, *see Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133–34 (2d Cir. 2020), we find no error in the District Court's dismissal for lack of subject-matter jurisdiction. To determine diversity jurisdiction, limited liability companies "take[] the citizenship of each of [their] members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Novel, which bore the burden of establishing subject-matter jurisdiction, *see Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), did not allege the citizenship of each member of every limited liability

3

company that is a party to this lawsuit.  Accordingly, Novel did not adequately allege the complete diversity of the parties, as required to establish diversity jurisdiction.  *See Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18 (2d Cir. 2014).

Ordinarily, Novel could "cure defective jurisdictional allegations . . . through amended pleadings."  *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 388–89 (2d Cir. 2021).  As noted, however, the District Court dismissed the complaint with prejudice, concluding that amendment would be futile because the complaint failed to state a claim.  This was error.  "Even when the citizenship of an LLC . . . is in question, a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms, Inc.*, 943 F.3d 613, 619 (2d Cir. 2019).  And "[a] dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) (quotation marks omitted).  Lacking subject-matter jurisdiction, the District Court did not have the power to reach the merits and dismiss the complaint with prejudice.

4

Novel failed to provide any evidence on appeal from which we could determine whether complete diversity of the parties exists.  At the same time, however, Pine Gate and Green Street failed to show that it would be impossible for Novel to establish complete diversity.  We therefore affirm the judgment of the District Court insofar as it concluded that Novel failed to establish subject-matter jurisdiction, but we vacate the judgment insofar as it dismissed the case *with prejudice*, and we remand with instructions to dismiss the amended complaint *without prejudice* and with leave to amend to establish complete diversity.  Should Novel choose to amend, the District Court must determine whether Novel established complete diversity before reaching the merits.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because Novel has yet to establish subject-matter jurisdiction, we do not express a view on the merits of Novel's underlying claims.